UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RANDY SHIELDS,<br><br>Defendant. | 3:08-CR-30114-03-RAL<br><br>OPINION AND ORDER DENYING<br>MOTION TO MODIFY SENTENCE |

Defendant Randy Shields requested that this Court "suspend or forgive the balance of [his] fine ($7700)" and end his supervised release. Doc. 390. This Court had the Clerk of Court docket the request as a Motion to Suspend Fine and to Terminate Supervised Release. Doc. 390. The Government filed a response opposing Shields' request, Doc. 392, including arguing and citing authority that a district court lacks authority to remit a fine. Doc. 392. Shields, who is proceeding pro se, filed a one-page reply within which he expressed his belief that this Court could suspend his fine for good cause. Doc. 395.

On June 29, 2010, this Court imposed sentence on Shields for a conviction of bribery concerning programs receiving federal funds. Shields, who had been vice chairman of the Crow Creek Sioux Tribe and who was among several tribal officials who sought out and obtained bribes, received a sentence of 40 months in custody, followed by two years of supervised release. Doc. 330. He also was ordered to pay restitution of $1,000 (on the count of conviction), a fine of $11,000 (approximating other monies Shields solicited and received as bribes), and a $100

1

special assessment. His monthly installments on the financial obligation are to be $350 per month. Doc. 330.

Shields served his sentence and, between the time of his initial request and today, completed his supervised release. Thus, the portion of Shields' motion seeking early termination of supervised release now is moot.

To support his request to have his fine eliminated, Shields refers to his limited income and his significant health issues. Shields cites to no cases authorizing elimination of his fine. Docs. 390, 395. Absent a motion from the Government to remit a fine under 18 U.S.C. § 3573, a district court following entry of judgment in a criminal case lacks the power to eliminate the fine. See United States v. Chacon-Vega, 262 F. App'x 730 (8th Cir. 2008) (per curiam); Ferrara v. United States, 145 F. App'x 392 (2nd Cir. 2005); United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003); United States v. Gonzalez, 248 F.3d 1128 (1st Cir. 2000) (unpublished table decision) (per curiam); United States v. McNack, No. 03-CR-0102-001-HDC, 2009 WL 3104038 (N.D. Okla. Sept. 22, 2009); United States v. Jones, No. 4:96-CR-41-CDL-MSH, 2012 WL 1672883 (M.D. Ga. April 3, 2012) (report and recommendation adopted by district court); United States v. Simon, No. 2:09-CR--32-FtM-29 DNF, 2012 WL 868787, at *5 (M.D. Fla. March 14, 2012). Shields' request is to have the entire unpaid balance of the fine forgiven, which Congress has not granted this Court the authority to do, absent a motion from the Government under 18 U.S.C. § 3573. This Court is sensitive to the apparent financial and health difficulties that Shields now faces, and expects the United States Attorney's Office to take those into account in determining the pace at which Shields pays the fine. Although this Court cannot remit a fine absent a motion from the Government, this Court may adjust the payment schedule. 18 U.S.C. § 3572(d)(3); see Goode, 342 F.3d at 743. Therefore, it is hereby

ORDERED that Defendant's Motion to Suspend Fine and Terminate Supervised Release, Doc. 390, is denied as to remitting the fine and is denied as moot to the extent that Shields' supervised release has already ended.

DATED this 29th day of July, 2015.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE